UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CHARLES
  HNANICEK, #695922,

           Petitioner,           CASE NO. 2:12-CV-14725

v.           HONORABLE STEPHEN J. MURPHY, III

LLOYD RAPELJE,

           Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Joseph Charles Hnanicek, a state prisoner confined at the Saginaw Correctional Facility in Freeland, Michigan, asserts that he is being held in violation of his constitutional rights. Hnanicek pleaded no contest to four counts of first-degree criminal sexual conduct, one count of child sexually abusive material or activity, and one count of using a computer to commit a crime in the Oakland County Circuit Court and was sentenced to concurrent terms of 20 to 85 years' imprisonment on the criminal sexual conduct convictions and concurrent terms of 20 to 30 years' imprisonment on the other two convictions in 2010.

In his petition, Hnanicek raises claims concerning the factual basis for his plea, the voluntariness of his plea, the legality of his arrest, the legality of his confession, the non-disclosure of evidence, the validity of his sentence, the effectiveness of trial and appellate counsel, and the sex offender registration requirement. Having reviewed the petition, the

Court concludes that Hnanicek has not properly exhausted his state court remedies as to all but one of his claims and dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. PROCEDURAL HISTORY

Following his convictions and sentencing, Hnanicek filed an application for leave to appeal with the Michigan Court of Appeals challenging the factual basis for his plea. The Michigan Court of Appeals denied leave to appeal. *People v. Hnanicek*, No. 303693 (Mich. Ct. App. June 27, 2011) (unpublished). Hnanicek asserts that he then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, as well as the other claims contained in his habeas petition. The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Hnanicek*, 490 Mich. 970, 806 N.W.2d 510 (Dec. 28, 2011).

Hnanicek signed the instant habeas petition on October 18, 2012 and it was filed by the Court on October 24, 2012.

## III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state

courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Hnanicek has not met his burden of demonstrating exhaustion of state court remedies. He admits that he did not present his habeas claims, other than the factual basis claim, to the Michigan Court of Appeals and first raised those claims before the Michigan Supreme Court. His presentation of those claims to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Hnanicek has thus failed to properly exhaust all but one of his habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example,

an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Hnanicek has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issue in the state appellate courts as necessary.

Moreover, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Hnanicek as long as he pursues his state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); SUP. CT. R. 13, on or about March 28, 2012. The one-year period then ran until October 18, 2012 when Hnanicek

dated his federal petition for mailing. Accordingly, more than five months of the one-year period remain. While the time in which his habeas case has been pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. See, e.g., Johnson v. Warren, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); see also Carey v. Saffold, 536 U.S. 214, 219-21 (2002). Given that more than five months of the one-year period remain, Hnanicek has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Hnanicek has not shown good cause for failing to properly exhaust his claims in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise the issues on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Hnanicek's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Kint v. Burt, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Several of Hnanicek's unexhausted claims concern matters of federal law which do not appear to be plainly meritless. Those claims should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court will be

unable to apply the standard found at 28 U.S.C. § 2254.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Hnanicek has not properly exhausted his state court remedies as to his habeas claims — other than the factual basis claim, and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Should Hnanicek wish to delete the unexhausted claims and proceed only on the fully exhausted claim, he may move to re-open this case and amend his petition to proceed only on the fully exhausted claim within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

Before Hnanicek may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See*

Fed. R. App. P. 24(a).

**SO ORDERED.**

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: November 6, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 6, 2012, by electronic and/or ordinary mail.

                                              Carol Cohron
                                              Case Manager